UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JULIUS TURNER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-385 |
| | § | |
| SUSANNA CARBETT, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR RELIEF FROM FINAL JUDGMENT**

Plaintiff Julius Turner is a Texas inmate appearing *pro se* in this civil rights action. Pending is Plaintiff's Motion for Relief from Final Judgment. (D.E. 58). For the reasons stated below, it is respectfully recommended that Plaintiff's motion be **DENIED**.

**I.  BACKGROUND**

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is presently housed at Wallace Pack Unit in Navasota, Texas. The facts giving rise to Plaintiff's claims occurred in connection with Plaintiff's assignment to the McConnell Unit.

In his original complaint, Plaintiff sued the following McConnell Unit officials in their individual capacities: (1) Physician Assistant (PA) Corbett; (2) Dr. Kwarteng; (3) PA Echavarry; (4) Dr. Mendez; and (5) Senior Practice Manager Lawson (collectively referred to herein as "Defendants"). Plaintiff claimed he had a serious medical issue in

his stomach/intestinal area and that each of the defendants were involved in the ongoing denial of adequate medical care for his serious medical condition. Plaintiff sought injunctive and monetary relief.

A *Spears*[1] hearing was held on March 1, 2018, where Plaintiff was given an opportunity to explain his claims. On March 2, 2018, the undersigned ordered service of Plaintiff's complaint on each of the named defendants. (D.E. 14). On April 19, 2018, Defendants filed their answer. (D.E. 30).

On July 26, 2018, Plaintiff notified the Court that he had designated Dr. Harry Bonnell as "his non-retained testifying expert witness." (D.E. 36). Thereafter, on August 21, 2018, Defendants filed their Motion for Summary Judgment along with several exhibits. (D.E. 38, 39). Plaintiff filed his response to the summary judgment motion, attaching various exhibits which included Dr. Bonnell's affidavit. (D.E. 43).

Defendants moved to strike Dr. Bonnell's affidavit. (D.E. 45). On October 15, 2018, the undersigned directed the Clerk of the Court to mail Defendants a copy of all of Plaintiff's exhibits which were attached to his response to the summary judgment motion. (D.E. 46). The undersigned further granted Defendants until October 26, 2018 to file an amended motion to strike Dr. Bonnell's affidavit. (D.E. 46). On that day, Defendants filed their amended motion to strike Dr. Bonnell's affidavit. (D.E. 48). Plaintiff did not file a response.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

On January 16, 2019, the undersigned issued a Memorandum and Recommendation (M&R), which first recommended that the Court grant Defendants' amended motion to strike Dr. Bonnell's affidavit. In recommending the motion to strike be granted, the undersigned concluded that: (1) Dr. Bonnell is a retained expert witness bound by the disclosure requirements of Federal Rule of Civil Procedure 26(a)(2)(B); (2) Dr. Bonnell's expert report failed to meet the disclosure requirements of Rule 26(a)(2)(B), especially considering that Dr. Bonnell only reviewed a small percentage of the medical records when diagnosing Plaintiff's condition; and (3) substantial prejudice would result to Defendants if Plaintiff was allowed to proceed with Dr. Bonnell's expert designation without disclosure of a proper expert report. (D.E. 50, pp. 17-20).

The undersigned then recommended the District Judge deny in part and grant in part Defendants' Motion for Summary Judgment. The undersigned recommended that the summary judgment motion be denied on the issue of exhaustion based on disputed fact issues as to whether Plaintiff's administrative remedies were available to him. (D.E. 50, pp. 22-30). However, the undersigned recommended Defendants' summary judgment motion be granted because the competent summary judgment evidence established that Plaintiff's Eighth Amendment claims were subject to dismissal and that Defendants were entitled to qualified immunity. (D.E. 50, pp. 30-39). As part of the findings and conclusions, the undersigned found that no genuine issues of material fact existed on the issue of deliberate indifference regardless whether or not Dr. Bonnell's affidavit was considered. (D.E. 50, pp. 37-38).

On March 14, 2019, Senior District Judge Hilda G. Tagle overruled Plaintiff's objections, adopted the M&R, granted Defendants' motion to strike, granted in part and denied in part Defendants' summary judgment motion, and dismissed this action with prejudice. (D.E. 55). That same day, the district judge entered final judgment in favor of Defendants. (D.E. 56).

## II. DISCUSSION

On April 23, 2019, this Court received Plaintiff's Motion for Relief from Final Judgment. (D.E. 58). Plaintiff signed and executed this motion on April 15, 2019. (D.E. 58, p. 15). A motion which challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Rule 59 or a motion for relief from judgment under Rule 60(b). *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). Plaintiff seeks relief from the final judgment pursuant to Federal Rule of Civil Procedure 60(b). (D.E. 58, p. 1). Even assuming Plaintiff filed his motion on April 15, 2019, the day he signed and executed it, he did not submit it within 28 days after entry of final judgment. It is, therefore, treated as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure sets out five specific bases for granting relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) the judgment is void; and (5) satisfaction, discharge, or release of the judgment. Fed. R. Civ. P. 60(b)(1)-(5). In addition, Rule 60(b)(6) provides that a Court

may relieve a party from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Plaintiff firsts seeks relief from the final judgment pursuant to "excusable neglect" as set forth in Rule 60(b)(1). (D.E. 58, pp. 10-11). "[E]xcusable neglect is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380, 393-94 (1993). When determining whether there has been excusable neglect, courts review "all relevant circumstances surrounding the party's omission," including (1) "the danger of prejudice to the [non-movant], (2) the length of the delay and its potential impact on judicial proceedings, and (3) the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Johnson v. Potter*, 364 F. App'x. 159, 164 (5th Cir. 2010) (citing *Pioneer Inv. Serv. Co.*).

Plaintiff contends that he has established sufficient "excusable neglect" in that: (1) he was never served with a copy of Defendants' amended motion to strike Dr. Bonnell's affidavit; and (2) Dr. Bonnell suffered a medical emergency in Japan and had failed to communicate with Plaintiff. (D.E. 58, pp. 10-11). Plaintiff contends that no prejudice has resulted to Defendants by his failure to amend his expert witness list and to provide a proper response to the amended motion to strike. (D.E. 58, p. 10). Overall, Plaintiff argues that he acted in good faith and was "plagued with issues outside of his control." (D.E. 58, p. 11).

Plaintiff next seeks relief under Rule 60(b)(2), contending that he has presented "newly discovered evidence" in the form of a far more descriptive affidavit from Dr.

Bonnell.  (D.E. 58, p. 12).  To obtain relief under Rule 60(b)(2) based on newly discovered evidence, Plaintiff a movant must demonstrate: "(1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment."  *Howard v. Mercedes–Benz USA, LLC*, No. H–10–3373, 2012 WL 5464963, at *2 (S.D. Tex. Nov. 8, 2012) (quoting *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005)).  According to Plaintiff, Dr. Bonnell's new affidavit meets the disclosure requirements set forth in Rule 26(a)(2)(B).  (D.E. 58, pp. 12-14).  Furthermore, Plaintiff contends that consideration of Dr. Bonnell's new affidavit would have changed the outcome of this case by creating genuine issues of material fact on the issue of deliberate indifference .  (D.E. 58, p. 13).

Upon careful review of Plaintiff's motion, the undersigned finds that he has presented nothing to entitle him to Rule 60(b) relief.  In connection with his response to Defendants' summary judgment motion, Plaintiff presented Dr. Bonnell's initial affidavit which was based on his review of the limited medical records provided to him.  Dr. Bonnell opined that "[a] Meckel's diverticulum[2] is the most likely diagnosis based upon the results of all the tests previously performed and their results."  (D.E. 43-2, p. 3).  Dr. Bonnell further opined that:

> A Meckel's scan or an upper gastrointestinal x-ray series with opaque dye is indicated and if negative, an exploratory laparotomy or laparoscopy is

---

[2] "Meckel's diverticulum is an outpouching or bulge in the lower part of the small intestine." Cleveland Clinic, http://my.clevelandclinic.org/childrens-hospital/health-info/diseases-conditions/hic-meckels-diverticulum.

> warranted and would certainly be performed if the patient had insurance. But I would not wait four years for him to become Medicare eligible.
>
> This is NOT a delusional disorder and psychotropic meds have no place in its treatment.
>
> Failure to diagnose and correct this problem will result in continued blood loss and anemia can exacerbate any cardiac, pulmonary or renal disease. If it is a diverticulum, it could rupture and cause peritonitis which is frequently lethal in prison populations due to inherent delays in treatment.

(D.E. 43-2, pp. 3-4).

In the M&R, which was adopted by the district judge, the undersigned specifically concluded as follows:

> Several medical professionals, including Defendants Kwarteng, Corbett, Echavarry, and Mendez, found no abnormalities with regard to Plaintiff's stomach/intestinal complaints and have concluded or recognized that Plaintiff instead suffers from a delusional disorder. Dr. Bonnell's "likely diagnosis" of Plaintiff's condition as Meckel's Diverticulum without the presence of a delusional disorder, based on his review of a small percentage of the record, runs contrary to the conclusions reached by the medical providers who have personally treated Plaintiff. Such a disagreement among medical professionals, however, is not evidence of deliberate indifference. *See Joyner v. Tanner*, No. 17-10040, 2018 WL 3682514, at *5 (E.D. La. Jul. 9, 2018). *See also Muse v. Warner*, No. 93-2413, 1993 WL 543340, at *1 (5th Cir. Dec. 15, 1993) ("The disagreement in diagnosis between the initial doctor and the subsequent doctors does not equal denial of medical care or show deliberate indifference."). Furthermore, even assuming Dr. Bonnell's diagnosis was the correct one, his testimony at best would show that the actions of Defendants Kwarteng, Corbett, Echavarry, and Mendez amounted to either negligence or medical malpractice and not deliberate indifference.

(D.E. 50, pp. 37-38). Plaintiff now seeks to introduce Dr. Bonnell's revised affidavit, which is also based on his continued review of the medical records provided to him by Plaintiff. (D.E. 58-1, p. 4). Dr. Bonnell again opined, based on his review of limited medical records provided to him, that Plaintiff's most likely diagnosis is Meckel's

Diverticulum and not the presence of a tapeworm or delusional disorder. (D.E. 58-1, pp. 4-5).

Again, assuming Dr. Bonnell's diagnosis is the correct one, Plaintiff has presented nothing to show that the actions of Defendants Kwarteng, Corbett, Echavarry, and Mendez amounted to anything more than negligence or medical malpractice. Thus, even if the Court were to allow Plaintiff to present Dr. Bonnell's revised affidavit, it would not change the outcome of this case. Plaintiff otherwise presents nothing to alter the Court's decision to grant Defendants' summary judgment motion. His motion seeking Rule 60(b) relief from the final judgment should be denied.

### III.     RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that Plaintiff's Rule 60(b) Motion for Relief from the Final Judgment (D.E. 58) be **DENIED**.

Respectfully recommended this 8th day of July 2019.

                                          Jason B. Libby
                               United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).